# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

**OCT 1 0 2019**

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | ' |
| | ' |
| VS. | ' |
| | ' |
| DANIEL M. BOWLES (1) | '   Criminal No. **1 9 - 7 5 2** |
| RATCHANEE MCAULEY (2) | ' |
| DON MARCUS JESSOP (3) | ' |
| FRANK GONZALEZ (4) | ' |
| ERNESTO SALAZAR A/K/A MIKE | § |
|     A/K/A JOSE ESCOBAR (5) | ' |
| THIRAWAT ATHIKULRAT (6) | '   **UNDER SEAL** |
| CHUANPHIT SRITHONGRUNG (7) | ' |

## INDICTMENT

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times material to this Indictment:

### 1.  Controlled Substance Analogue

Pursuant to 21 U.S.C. § 802(32)(A), a controlled substance analogue means a substance --
(i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;

(ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or

(iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

### 2. Treatment of Controlled Substance Analogue as Controlled Substance

Pursuant to 21 U.S.C. § 813, a controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I.

### 3. 5F-AMB

5F-AMB, the common name for Methyl 2-(1-(5-fluoropentyl)-1H-indazole-3-carboxamido)-3methylbutanoate, is a schedule I controlled substance as of April 10, 2017. Prior to April 10, 2017, 5F-AMB was a controlled substance analogue under 21 U.S.C. § 802(32)(A). 5F-AMB is also a drug under the Federal Food, Drug, and Cosmetic Act ("FDCA"), as defined herein, when it is intended to be used as a component of an article that is intended to affect the structure or any function of the human body.

### 4. 5F-MDMB-PINACA

5F-MDMB-PINACA, the common name for methyl 2-(1-(5-fluoropentyl)-lH-indazole-3-carboxamido)-3, 3-dimethylbutanoate, is a schedule I controlled substance as of April 10, 2017. Prior to April 10, 2017, 5F-MDMB-PINACA was a controlled substance analogue under 21 U.S.C. § 802(32)(A). 5F-MDMB-PINACA is also a drug under the Federal Food, Drug, and Cosmetic Act ("FDCA"), as defined herein, when it is intended to be used as a component of an article that is intended to affect the structure or any function of the human body.

### 5. United States Drug Enforcement Administration

The United States Drug Enforcement Administration ("DEA") is the primary federal agency of the United States responsible for coordinating drug law enforcement activities. Its primary mission is to enforce controlled substances laws, pursuant to Title 21, United States Code, Sections 801, *et seq.*, and regulations.

### 6. United States Food and Drug Administration

a.  The United States Food and Drug Administration ("FDA") is the federal agency of the United States responsible for protecting the health and safety of the American public by enforcing the Food, Drug and Cosmetic Act ("FDCA") and its implementing regulations found in Title 21, United States Code, Sections 301, *et seq.*  One main purpose of the FDCA is to ensure that drugs sold for administration to humans, or for consumption or other use by humans, are safe, effective, and bear labeling containing only true and accurate information.  The FDA's responsibilities under the FDCA include regulating the manufacture, labeling, and distribution of all drugs shipped or received in interstate commerce.  The FDA's responsibilities also include preventing drugs that are unapproved for marketing or sale, or which are improperly packaged and labeled, from reaching the marketplace.

b.  Under the FDCA, drugs are defined as, among other things, articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of human disease, 21 U.S.C. § 321(g)(1)(B); articles intended to affect the structure or any function of the human body, 21 U.S.C. § 321(g)(1)(C); or articles intended for use as components of other drugs. 21 U.S.C. § 321(g)(1)(D).

c. Under the FDCA, the introduction, delivery for introduction, or causing the introduction or delivery for introduction into interstate commerce of a drug that was misbranded is prohibited. 21 U.S.C. § 331(a).

d. A drug is misbranded if, among other things:

    i. its labeling is false or misleading in any particular (21 U.S.C. § 352(a));

    ii. its label does not bear the name and place of business of the manufacturer, packer, or distributor (21 U.S.C. § 352(b); 21 C.F.R. § 201.1(i));

    iii. its label fails to bear the established name of the drug, the established name and quantity of each active ingredient, and the established name of any inactive ingredient (21 U.S.C. § 352(e));

    iv. its label fails to bear adequate directions for use (21 U.S.C. § 352(f)(1)); or

    v. its labeling fails to bear adequate warnings against use in those pathological conditions or by children where its use may be dangerous to health, or against unsafe dosage or methods or duration of administration or application, in such manner and form, as are necessary for the protection of users (21 U.S.C. § 352(f)(2)).

e. "Adequate directions for use" means directions under which the layperson could use a drug safely and for the purposes for which it was intended (21 C.F.R. § 201.5).  No directions for an intended use are *per se* inadequate.

f. For purposes of the FDCA, the term "interstate commerce" includes commerce between any State and any place outside thereof.

g. The term "label" means a display of written, printed, or graphic matter upon the immediate container of any article.  The term "labeling" is defined as all labels and other printed or graphic matter upon any article or any of its containers or wrappers, or accompanying such article. 21 U.S.C. § 321 (k) and (m).

## 7. Daniel M. Bowles

**Daniel M. Bowles** owns and manages multiple wholesale distribution businesses, including but not limited to: **DRS Enterprises Inc., DR Wholesale Inc. (CA, AZ, TX), DRL Wholesale Inc., New Spin Wholesale LLC,** and **DB Wholesale LLC**.  Individually and through these businesses **Daniel M. Bowles** manufactures, brands, packages, sells, and distributes controlled substances and controlled substance analogues to retail establishments throughout the United States, including the Southern District of Texas.

3

## 8. Ratchanee McAuley

**Ratchanee McAuley** owns and manages multiple wholesale distribution businesses including but not limited to: **DRS Enterprises Inc., DR Wholesale Inc. (CA, AZ, TX),** and **DRL Wholesale Inc.** Individually and through these businesses **Ratchanee McAuley** aided and abetted **Daniel M. Bowles** and others in the manufacture, branding, packaging, sale and distribution of controlled substances and controlled substance analogues to retail establishments throughout the United States, including the Southern District of Texas.

## 9. Don Marcus Jessop

**Don Marcus Jessop**, directly or through his companies, **Horizon Wholesale LLC,** and **Summit Wholesale LLC,** works for and with **Daniel M. Bowles** and others in the sale and distribution of controlled substances and controlled substance analogues. **Don Marcus Jessop** receives calls or orders from individuals including retail businesses throughout the United States, and coordinates the delivery of controlled substances and controlled substance analogues throughout the United States, including the Southern District of Texas.

## 10. Frank Gonzalez

**Frank Gonzalez**, directly or through his company **Top Novelties LLC,** works for and with **Daniel M. Bowles** and others in the sale and distribution of controlled substances and controlled substance analogues. **Frank Gonzalez** receives calls or orders from various individuals, including retail businesses throughout the United States, and coordinates the delivery of controlled substances and controlled substance analogues throughout the United States, including the Southern District of Texas.

## 11. Ernesto Salazar a/k/a Mike a/k/a Jose Escobar

**Ernesto Salazar a/k/a Mike a/k/a Jose Escobar**, directly or through his company **Mike Wholesale LLC,** works for and with **Daniel M. Bowles** and others in the manufacture, branding, packaging, sale, and distribution of controlled substances and controlled substance analogues. **Ernesto Salazar a/k/a Mike a/k/a Jose Escobar** personally receives payment from retail business owners, or purported owners, for controlled substances and controlled substance analogues distributed by **Daniel M. Bowles**' companies and/or employees throughout the United States, including the Southern District of Texas.

## 12. Thirawat Athikulrat

**Thirawat Athikulrat** owns and manages multiple wholesale distribution businesses, including but not limited to: **DD Distribution LLC, Planet X Wholesale LLC,** and **Xtreme World Wholesale LLC.** Individually and through these businesses **Thirawat Athikulrat** aids and abets **Daniel M. Bowles** and others in the manufacture, sale, branding, packaging and distribution of controlled substances and controlled substance analogues to retail establishments throughout the United States, including the Southern District of Texas.

### 13. Chuanphit Srithongrung

**Chuanphit Srithongrung** owns and manages multiple wholesale distribution businesses including but not limited to: **Terrific Consulting LLC, Top World Consulting Inc., Top World Wholesale Inc.,** and **Desert Hills Wholesale Corporation**. Individually and through these businesses **Chuanphit Srithongrung** aids and abets **Daniel M. Bowles** and others in the manufacture, branding, packaging, sale, and distribution of controlled substances and controlled substance analogues to retail establishments throughout the United States, including the Southern District of Texas.

### COUNT ONE
### (Conspiracy to Defraud and to Violate the FDCA)

Introductory paragraphs 1-13 are incorporated by reference herein.

From at least on or about February 28, 2012 through the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**DANIEL M. BOWLES,**
**RATCHANEE MCAULEY,**
**DON MARCUS JESSOP,**
**FRANK GONZALEZ,**
**ERNESTO SALAZAR A/K/A MIKE A/K/A JOSE ESCOBAR,**
**THIRAWAT ATHIKULRAT,** and
**CHUANPHIT SRITHONGRUNG,**

and others known and unknown, knowingly and intentionally conspired and agreed with each other and other persons, known and unknown to the Grand Jury, to defraud the United States Food and Drug Administration (FDA), an agency of the United States, for the purpose of impeding, impairing, obstructing, and defeating their lawful government functions of regulating drug labeling and approving new drugs, before introduction into the interstate commerce; and to commit certain offenses against the United States, that is, to violate 21. U.S.C. §§ 331 and 333(a)(2) by introducing or delivering misbranded drugs into interstate commerce with the intent to defraud or mislead.

### MANNER AND MEANS

1. As part of the conspiracy to defraud, the defendants possessed, packaged, labeled, marketed, distributed, and sold throughout the United States, including the Southern District of Texas,

5

articles with brand names including, but not limited to – "Brain Freeze," "Vatos Locos," "Black Voodoo," and "Death Grip" – that were drugs within the meaning of the FDCA because they were intended to affect the structure or function of a human by producing a "high" similar to a Controlled Substance (hereafter, "the drugs").

2. As part of the conspiracy to defraud, the defendants created or caused to be created businesses, including those identified as **DRS Enterprises Inc., DR Wholesale Inc., Terrific Consulting LLC, Horizon Wholesale LLC, Top World Consulting Inc., Top World Wholesale Inc., Desert Hills Wholesale Corporation, Summit Wholesale LLC, Top Novelties LLC, DD Distribution LLC, Planet X Wholesale LLC, Xtreme World Wholesale LLC, Mike Wholesale LLC, DRL Wholesale Inc.,  New Spin Wholesale LLC, DB Wholesale LLC,** and others to conduct the business of manufacturing, marketing, selling, and distributing the drugs.

3. It was further part of the conspiracy to defraud that retail customers would contact **Don Marcus Jessop, Frank Gonzalez,** and others to negotiate the purchase and shipment of the drugs.

4. It was further part of the conspiracy to defraud that **Daniel M. Bowles, Ratchanee McAuley, Ernesto Salazar a/k/a Mike a/k/a Jose Escobar, Don Marcus Jessop, Frank Gonzalez, Thirawat Athikulrat,** and **Chuanphit Srithongrung** distributed or sold the drugs to consumers throughout the United States, disguising their true intended use by falsely and misleadingly labeling them as "potpourri" or "aromatic therapy" and "not for human consumption," when in fact the articles were intended for human consumption as a drug.

## OVERT ACTS

In furtherance of the conspiracy and to affect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of Texas and elsewhere:

a. From February 28, 2012 through the date of this indictment, a retail shop owner, or a purported retail shop owner, in the Southern District of Texas, ordered substances containing 5F-MDMB-PINACA or 5F-AMB from **Frank Gonzalez, Don Marcus Jessop,** or **Daniel M. Bowles.**

b. From February 28, 2012 through the date of the indictment, **M&C Wholesale, DRS Enterprises Inc., DD Distribution LLC, DR Wholesale Inc., DRL Wholesale Inc.,** and

**New Spin Wholesale LCC**, packaged, sold, mailed, and delivered substances containing

5F-MDMB-PINACA or 5F-AMB to a retail shop, or purported retail shop, in the Southern

District of Texas and elsewhere.

c.   From February 28, 2012, through the date of the indictment, **M&C Wholesale, DRS Enterprises Inc., DD Distribution LLC, DRL Wholesale Inc., DR Wholesale Inc., DB Wholesale LLC**, and **New Spin Wholesale LLC**, packaged and marketed controlled substances and controlled substance analogues as "incense," "potpourri," or "aroma therapy" products, which claimed to be "not for human consumption," to retail businesses, or purported retail businesses, under brand names "Brain Freeze," "Vatos Locos," "Black Voodoo" and "Death Grip."

d.   On or about September 10, 2012, **Daniel M. Bowles** and **Ratchanee McAuley** caused to be created **DRS Enterprises Inc.** in California.

e.   On or about September 10, 2012, **Daniel M. Bowles** and **Ratchanee McAuley** caused to be created **DR Wholesale Inc.** in California.

f.   On or about December 5, 2012, **Thirawat Athikulrat** caused to be created **World 1 Wholesale LLC** in California.

g.   On or about December 21, 2012, **Chuanphit Srithongrung** caused to be created **Terrific Consulting LLC** in California.

h.   On or about January 17, 2013, **Don Marcus Jessop** caused to be created **Horizon Wholesale LLC** in Utah.

i.   On or about March 12, 2013, **Chuanphit Srithongrung** caused to be created **Top World Consulting Inc.** in California.

j.  On or about April 19, 2013, **Chuanphit Srithongrung** caused to be created **Top World Wholesale Inc.** in California.

k.  On or about May 1, 2013, **Chuanphit Srithongrung** caused to be created **Desert Hills Wholesale Corp**. in Arizona.

l.  On or about May 20, 2013, **Chuanphit Srithongrung** caused to be created **Desert Hills Wholesale Corp.** in California.

m.  On or about December 19, 2013, **Don Marcus Jessop** caused to be created **Summit Wholesale LLC** in Utah.

n.  On or about April 15, 2014, **Frank Gonzalez** caused to be created **Top Novelties LLC** in Arizona.

o.  On or about April 17, 2014, **Thirawat Athikulrat** caused to be created **DD Distribution LLC**, **Planet X Wholesale LLC**, and **Xtreme World Wholesale LLC** in California.

p.  On or about March 23, 2015, **Daniel M. Bowles** and/or **Ratchanee McAuley** caused to be created **DR Wholesale, Inc**.in Arizona.

q.  On or about May 14, 2015, **Daniel M. Bowles** and **Ratchanee McAuley** caused to be created **DRL Wholesale, Inc.** in Arizona.

r.  On or about July 10, 2015, **Thirawat Athikulrat** individually or through **DD Distribution LLC** mailed via commercial interstate carrier, Fed-Ex, substances to the purported retail shop owner in the Southern District of Texas.

s.  On or about July 10, 2015, **Don Marcus Jessop** negotiated the sale of approximately $10,000 worth of substances labeled "Brain Freeze," "Death Grip," or "Black Voodoo," and $2,000 worth of substances labeled "Good Times" and "Tropical Rush" to a purported retail shop owner in the Southern District of Texas.

t.   On or about July 27, 2015, **Don Marcus Jessop** advised that a courier would pick up cash payment for substances sold to the purported retail shop owner in the Southern District of Texas.

u.   On or about July 31, 2015, **Ernesto Salazar a/k/a Mike a/k/a Jose Escobar** picked up cash payment for the substances sold by **Don Marcus Jessop** from the purported retail shop owner in the Southern District of Texas.

v.   On or about July 31, 2015, **Ernesto Salazar a/k/a Mike a/k/a Jose Escobar** mailed via commercial interstate carrier, Fed-Ex, the cash payment for the substances sold by **Don Marcus Jessop** from the purported retail shop owner in the Southern District of Texas.

w.   On or about January 25, 2016, **Daniel M. Bowles** and **Ratchanee McAuley** caused to be created **DR Wholesale, Inc.** in the Southern District of Texas.

x.   On or about May 18, 2016, **Don Marcus Jessop** negotiated the sale of approximately 4 kilograms of a substance labeled "Brain Freeze" to a purported retail shop owner in the Southern District of Texas.

y.   On or about May 19, 2016, **Thirawat Athikulrat** mailed approximately 4 kilograms of a substance labeled "Brain Freeze," sold by **Don Marcus Jessop,** to a purported retail shop owner in the Southern District of Texas.

z.   On or about May 24, 2016, **Dan Bowles** picked up the cashier's checks made payable to **DRL Wholesale** as payment for the substance labeled "Brain Freeze" sold by **Don Marcus Jessop** and shipped by **Thirawat Athikulrat**.

aa.  On or about May 25, 2016, **Dan Bowles** deposited the cashier checks from a purported retail shop owner in Laredo, Texas, into a bank account for **DRL Wholesale Inc.**

bb. On or about June 21, 2016, **Daniel M. Bowles** caused to be created **New Spin Wholesale, LLC** and **DB Wholesale, LLC** in Alaska.

All in violation of Title 18 U.S.C. § 371.

## COUNT TWO
### (Conspiracy to Commit Mail Fraud)

The fraud allegations of Count 1 including introductory paragraphs are re-alleged and incorporated by reference herein as the scheme to defraud.

From on or about February 28, 2012 through the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**DANIEL M. BOWLES,**
**RATCHANEE MCAULEY,**
**DON MARCUS JESSOP,**
**FRANK GONZALEZ,**
**ERNESTO SALAZAR A/K/A MIKE A/K/A JOSE ESCOBAR,**
**THIRAWAT ATHIKULRAT,** and
**CHUANPHIT SRITHONGRUNG,**

did knowingly and intentionally combine, conspire, confederate and agree with one another, and others known and unknown to the Grand Jury, to commit an offense against the United States, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, by mailing matter and causing another person to mail matter through the United States Postal Service and private commercial interstate carriers, for the purpose of executing and attempting to execute a scheme and artifice to defraud and to obtain money and property from another, by means of materially false and fraudulent pretenses, representations, and promises.

In violation of Title 18, United States Code, Sections 1349 and 1341.

## COUNT THREE
### (Conspiracy to Manufacture, Distribute or Possess with Intent to Distribute a Controlled Substance and Controlled Substance Analogue)

The allegations in introduction paragraphs 1 through 4 are re-alleged and incorporated herein by reference.

From on or about February 28, 2012, and continuing through the date of this indictment, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,

**DANIEL M. BOWLES,
RATCHANEE MCAULEY,
DON MARCUS JESSOP,
FRANK GONZALEZ,
ERNESTO SALAZAR A/K/A MIKE A/K/A JOSE ESCOBAR,
CHUANPHIT SRITHONGRUNG,** and
**THIRAWAT ATHIKULRAT,**

did knowingly conspire and agree with each other and with other persons known and unknown to the Grand Jury to manufacture, distribute and possess with intent to distribute 5F-MDMB-PINACA and 5F-AMB, which are classified as either Schedule I controlled substances, or controlled substance analogue knowing that the substances were intended for human consumption as provided in 21 U.S.C. § 813, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C);

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).

### MANNER AND MEANS

1. It was part of the conspiracy to create or cause to be created businesses, including those identified as **DRS Enterprises Inc., DR Wholesale, Inc., Terrific Consulting LLC, Horizon Wholesale LLC, Top World Consulting Inc., Top World Wholesale Inc., Desert Hills Wholesale Corporation, Summit Wholesale LLC, Top Novelties LLC, DD Distribution LLC, Planet X Wholesale LLC, Xtreme World Wholesale LLC, Mike Wholesale LLC, DRL Wholesale Inc., New Spin Wholesale LLC, DB Wholesale LLC,** and others to conduct the business of manufacturing, marketing, selling and distributing of controlled substances and controlled substance analogues.

11

2. It was part of the conspiracy, that retail customers would contact **Don Marcus Jessop, Frank Gonzalez** and others, to negotiate the purchase and shipment of controlled substances and controlled substance analogues.

3. It was part of the conspiracy that **Daniel M. Bowles, Ratchanee McAuley, Ernesto Salazar a/k/a Mike a/k/a Jose Escobar, Thirawat Athikulrat,** and **Chuanphit Srithongrung,** individually or through their various businesses, would use Fed-Ex or other means to ship controlled substances and controlled substance analogues to customers within the United States.

4. It was further part of the conspiracy that customers in the Southern District of Texas and elsewhere would remit payment for controlled substances and controlled substance analogues to business entities in the form of cash, checks, cashier checks, and money orders.

5. It was further part of the conspiracy to recycle drug proceeds back into the organization, including for payment of business debts, purchase or rental of properties including storage lots and mail boxes, and payment of labor costs related to sales commission, shipment, storage, and distribution.

### COUNT FOUR
#### (Money Laundering Conspiracy)

From on or about February 28, 2012 through the date of this indictment, in the Southern

District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**DANIEL M. BOWLES,
RATCHANEE MCAULEY,
DON MARCUS JESSOP,
FRANK GONZALEZ,
ERNESTO SALAZAR A/K/A MIKE A/K/A JOSE ESCOBAR,
CHUANPHIT SRITHONGRUNG, and
THIRAWAT ATHIKULRAT,**

did knowingly conspire and agree with each other and with others known and unknown to the Grand

Jury, to commit offenses against the United States, to wit:

a) To knowingly conduct and attempt to conduct a financial transaction, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, drug trafficking, in violation of Title 21, United State Code, Sections 846 and 841, with the intent to promote the carrying on of a specified unlawful activity, that is, drug trafficking, in violation of Title 21, United State Code, Sections 846 and 841, and that while conducting and attempting

to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

b)  To knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United State Code, Sections 1349 and 1341, with the intent to promote the carrying on of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United State Code, Sections 1349 and 1341, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

c)  To knowingly conduct and attempt to conduct a financial transaction, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, drug trafficking, in violation of Title 21, United State Code, Section 846 and 841, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, ownership, control, and source of the proceeds of the specified unlawful activity, and knowing the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

d)  To knowingly conduct and attempt to conduct a financial transaction, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 21, United State Code, Section 1349 and 1341, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, ownership, control and source of the proceeds of the specified unlawful activity, and knowing the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

In violation of Title 18, United States Code, Section 1956(h).

<u>MANNER AND MEANS</u>

1.  It was part of the conspiracy to create or cause to be created businesses, including those identified as **DRS Enterprises Inc., DR Wholesale, Inc., Terrific Consulting LLC, Horizon Wholesale LLC, Top World Consulting Inc., Top World Wholesale Inc., Desert Hills Wholesale Corporation, Summit Wholesale LLC, Top Novelties LLC, DD Distribution LLC, Planet X Wholesale LLC, Xtreme World Wholesale LLC, Mike Wholesale LLC, DRL Wholesale Inc., New Spin Wholesale LLC, DB Wholesale LLC,** and others to conduct mail fraud and/or the business of manufacturing, marketing, selling, and distributing of controlled substances and controlled substance analogues.

13

2. It was further part of the conspiracy that defendants opened bank accounts in their names or names of businesses they controlled, in order to collect proceeds and distribute the funds to themselves or others.

3. It was further part of the conspiracy that customers in the Southern District of Texas and elsewhere would remit payment to a business entity in the form of cash, checks, cashier's checks, and money orders via mail.

4. It was further part of the conspiracy to transfer funds among defendants and their corporations or businesses to create the appearance of legitimate business transactions and/or to conceal the source of funds.

5. It was further part of the conspiracy that Defendants promoted drug trafficking and/or mail fraud by recycling drug proceeds back into the organization, including the payment of business debts, the purchase or rental of properties including storage lots and mail boxes, and the payment of labor costs related to sales commission, shipment, storage, and distribution.

6. It was further part of the conspiracy for defendants to use their proceeds to purchase and/or invest in various assets, including businesses, real estate, and vehicles in a manner to conceal and disguise the nature, ownership, control, and source of their illicit funds.

## COUNT FIVE
### (Money Laundering Spending)

On or about October 14, 2014, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, defendant,

### DANIEL M. BOWLES

did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of monetary instruments, to wit: a cashier's check made payable to Premier Financial, such property having been derived from a specified unlawful activity, that is, drug trafficking and mail fraud.

In violation of Title 18, United States Code, Sections 1957.

## COUNT SIX
**(Manufacture, Distribute and Possess with Intent to Distribute
Controlled Substance Analogues)**

On or about May 21, 2015, in the Southern District of Texas and elsewhere, and within the

jurisdiction of the Court, Defendants,

**DANIEL M. BOWLES,
RATCHANEE MCAULEY,** and
**THIRAWAT ATHIKULRAT**

did unlawfully, knowingly and intentionally manufacture, distribute, and possess with the intent

to distribute a quantity of a mixture and substance containing a detectable amount of Methyl 2-(1-

(5-fluoropentyl)-1H-indazole-3-carboxamido)-3methylbutanoate, commonly known as 5F-AMB,

a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the

substance was intended for human consumption as provided in 21 U.S.C. § 813.

In violation of Title 21, United States Code §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.


## COUNT SEVEN
**(Manufacture, Distribute and Possess with Intent to Distribute
Controlled Substance Analogue)**

On or about July 10, 2015, in the Southern District of Texas and elsewhere, and within the

jurisdiction of the Court, Defendants,

**DANIEL M. BOWLES,
RATCHANEE MCAULEY,** and
**THIRAWAT ATHIKULRAT**

did knowingly and intentionally manufacture, distribute, and possess with the intent to distribute

a quantity of a mixture or substance containing a detectable amount Methyl 2-(1-(5-fluoropentyl)-

1H-indazole-3-carboxamido)-3methylbutanoate, commonly known as 5F-AMB, a Schedule I

controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that substance was

intended for human consumption as provided in 21 U.S.C. § 813.

In violation of Title 21, United States Code §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT EIGHT
**(Manufacture, Distribute and Possess with Intent to Distribute
Controlled Substance Analogue)**

On or about July 14, 2015, in the Southern District of Texas and elsewhere, and within the

jurisdiction of the Court, Defendants,

**DANIEL M. BOWLES,
RATCHANEE MCAULEY,
DON MARCUS JESSOP,
ERNESTO SALAZAR A/K/A MIKE A/K/A JOSE ESCOBAR,** and
**THIRAWAT ATHIKULRAT**

did knowingly and intentionally manufacture, distribute, and possess with the intent to distribute

a quantity of a mixture or substance containing a detectable amount Methyl 2-(1-(5-fluoropentyl)-

1H-indazole-3-carboxamido)-3methylbutanoate, commonly known as 5F-AMB, and a detectable

amount of Methyl 2-(1-(5-fluoropentyl)-lH-indazole-3-carboxamido)-3,3-dimethylbutanoate,

commonly known as 5F-MDMB-PINACA, each a Schedule I controlled substance analogue as

defined in 21 U.S.C. § 802(32), knowing that each substance was intended for human consumption

as provided in 21 U.S.C. § 813.

In violation of Title 21, United States Code §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT NINE
**(Money Laundering Concealment)**

On or about July 31, 2015, in the Southern District of Texas, and elsewhere within the

jurisdiction of the Court, defendants,

**DANIEL M. BOWLES**, and
**ERNESTO SALAZAR A/K/A MIKE A/K/A JOSE ESCOBAR**

16

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, knowing that the financial transaction involved the proceeds of some form of unlawful activity, to wit: drug trafficking and mail fraud, and knowing the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT TEN
### (Manufacture, Distribute and Possess with Intent to Distribute Controlled Substance Analogue)

On or about September 8, 2015, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court, Defendants,

**DANIEL M. BOWLES,**
**RATCHANEE MCAULEY,**
**DON MARCUS JESSOP, and**
**THIRAWAT ATHIKULRAT**

did knowingly and intentionally manufacture, distribute, and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of Methyl 2-(1-(5-fluoropentyl)-lH-indazole-3-carboxamido)-3,3-dimethylbutanoate, commonly known as 5F-MDMB-PINACA, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813.

In violation of Title 21, United States Code §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT ELEVEN
### (Manufacture, Distribute and Possess with Intent to Distribute Controlled Substance Analogue)

On or about November 3, 2015, in the Southern District of Texas and elsewhere, and within

the jurisdiction of the Court, Defendants,

**DANIEL M. BOWLES,
RATCHANEE MCAULEY,
DON MARCUS JESSOP,** and
**THIRAWAT ATHIKULRAT**

did knowingly and intentionally manufacture, distribute, and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of Methyl 2-(1-(5-fluoropentyl)-lH-indazole-3-carboxamido)-3,3-dimethylbutanoate, commonly known as 5F-MDMB-PINACA, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813.

In violation of Title 21, United States Code §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

### COUNT TWELVE
**(Manufacture, Distribute and Possess with Intent to Distribute
Controlled Substance Analogue)**

On or about December 2, 2015, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court, Defendants,

**DANIEL M. BOWLES,
RATCHANEE MCAULEY,** and
**FRANK GONZALEZ**

did knowingly and intentionally manufacture, distribute, and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of Methyl 2-(1-(5-fluoropentyl)-lH-indazole-3-carboxamido)-3,3-dimethylbutanoate, commonly known as 5F-MDMB-PINACA, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813.

In violation of Title 21, United States Code §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT THIREEN
### (Money Laundering Spending)

On or about March 22, 2016, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, defendant,

### RATCHANEE MCAULEY

did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the transfer of monetary instruments, to wit: a cashier's check make payable to First Arizona Title Agency, such property having been derived from a specified unlawful activity, that is, drug trafficking and mail fraud.

In violation of Title 18, United States Code, Sections 1957.

## COUNT FOURTEEN
### (Manufacture, Distribute and Possess with Intent to Distribute Controlled Substance Analogue)

On or about May 23, 2016, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court, Defendants,

### DANIEL M. BOWLES,
### RATCHANEE MCAULEY,
### DON MARCUS JESSOP, and
### THIRAWAT ATHIKULRAT,

did knowingly and intentionally manufacture, distribute, and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of Methyl 2-(1-(5-fluoropentyl)-lH-indazole-3-carboxamido)-3,3-dimethylbutanoate, commonly known as 5F-MDMB-PINACA, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813.

In violation of Title 21, United States Code §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT FIFTEEN
**(Money Laundering Spending)**

On or about June 21-28, 2016, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, defendant,

**CHUANPHIT SRITHONGRUNG,** and
**THIRAWAT ATHIKULRAT,**

did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the transfer of monetary instruments, to wit: wire transfers to Frost Escrow Co, such property having been derived from a specified unlawful activity, that is, drug trafficking and mail fraud.

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT SIXTEEN
**(Money Laundering Spending)**

On or about February 14, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

**DANIEL M. BOWLES**

did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the transfer of monetary instruments, to wit: a cashier's check made payable to A W S Boats LLC, such property having been derived from a specified unlawful activity, that is, drug trafficking and mail fraud.

In violation of Title 18, United States Code, Sections 1957.

## COUNT SEVENTEEN
**(Manufacture, Distribute and Possess with Intent to Distribute Controlled Substance)**

On or about September 14, 2017, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court, Defendants,

**DANIEL M. BOWLES**, and
**DON MARCUS JESSOP**

did knowingly and intentionally manufacture, distribute, and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of Methyl 2-(1-(5-fluoropentyl)-lH-indazole-3-carboxamido)-3,3-dimethylbutanoate, commonly known as 5F-MDMB-PINACA, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT EIGHTEEN
**(Manufacture, Distribute and Possess with Intent to Distribute Controlled Substance)**

On or about July 18, 2018, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court, Defendants,

**DANIEL M. BOWLES**,
**DON MARCUS JESSOP**, and
**ERNESTO SALAZAR A/K/A MIKE A/K/A JOSE ESCOBAR**

did knowingly and intentionally manufacture, distribute, and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of Methyl 2-(1-(5-fluoropentyl)-lH-indazole-3-carboxamido)-3,3-dimethylbutanoate, commonly known as 5F-MDMB-PINACA, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

21

## COUNT NINETEEN
### (Manufacture, Distribute and Possess with Intent to Distribute Controlled Substance)

On or about August 20, 2018, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court, Defendants,

**DANIEL M. BOWLES,**
**DON MARCUS JESSOP, and**
**ERNESTO SALAZAR A/K/A MIKE A/K/A JOSE ESCOBAR**

did knowingly and intentionally manufacture, distribute, and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of Methyl 2-(1-(5-fluoropentyl)-lH-indazole-3-carboxamido)-3,3-dimethylbutanoate, commonly known as 5F-MDMB-PINACA, a Schedule I controlled substance.

In violation of Title 21, United States Code §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT TWENTY
### (Money Laundering Spending)

On or about December 20, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

**DANIEL M. BOWLES**

did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the transfer of monetary instruments, to wit: a cashier's check made payable to National Indoor RV Centers, such property having been derived from a specified unlawful activity, that is, drug trafficking and mail fraud.

In violation of Title 18, United States Code, Sections 1957.

## COUNT TWENTY-ONE
**(Manufacture, Distribute and Possess with Intent to Distribute Controlled Substance)**

On or about February 14, 2019, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court, Defendants,

**DANIEL M. BOWLES**, and
**DON MARCUS JESSOP**

did knowingly and intentionally manufacture, distribute, and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of Methyl 2-(1-(5-fluoropentyl)-lH-indazole-3-carboxamido)-3,3-dimethylbutanoate, commonly known as 5F-MDMB-PINACA, a Schedule I controlled substance.

In violation of Title 21, United States Code §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT TWENTY-TWO
**(Continuing Criminal Enterprise)**

Beginning from on or about February 28, 2012, and continuing through the date of this indictment, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, defendant,           **DANIEL M. BOWLES,**

did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant did unlawfully, intentionally and knowingly violate Title 21, United States Code, Section 841(a)(1), 843, and 846, including but not limited to, the violations as alleged in Counts 3, 6, 7, 8, 10, 11, 12, 14, 17, 18, 19, and 21 of this indictment, which counts are re-alleged and incorporated herein by reference, and which violations were part of a continuing series of violations of Title 21, United States Code, undertaken by the defendant in concert with five or more other persons with respect to whom the defendant occupied a position of organizer, a supervisor position and a position of management, from which the defendants obtained substantial income and resources.

In violation of Title 21, United States Code, Sections 848.

## NOTICE OF CRIMINAL FORFEITURE

**18 U.S.C. § 1341, 18 U.S.C. § 1349**
**18 U.S.C. 1956(a)(1)(A) and (B)(i)**
**18 U.S.C. §1956(h), and 18 U.S.C. §1957**

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982 and 28 U.S.C. § 2461(c).  Upon conviction for an offense alleged herein and referenced by the numbered Counts below, the United States hereby gives notice to the Defendants,

| | |
|---|---|
| Daniel M. Bowles | Counts 2, 4, 5, 9, 16, 20 |
| Ratchanee McAuley | Counts 2, 4, 13 |
| Don Marcus Jessop | Counts 2, 4 |
| Frank Gonzalez | Counts 2, 4 |
| Ernesto Salazar a/k/a Mike a/k/a Jose Escobar | Counts 2, 4, 9 |
| Thirawat Athikulrat | Counts 2, 4, 15 |
| Chuanphit Srithongrung | Counts 2, 4, 15 |

that all property, real and personal, involved in the offense of conviction or any property traceable to such property, including property constituting or derived from proceeds or property traceable thereto, shall be forfeited to the United States of America, and includes, but is not limited to, the following property:

a) United States currency in the sum of a **$15,409,909** money judgment of forfeiture.

b) The real property and improvements located at **2307 East Electra Lane, Phoenix, Arizona** and legally described as:

   Situated in Maricopa County, Arizona, and being Lot 184, of MOUNTAINGATE NORTH II, according to Book 452 of Maps, Page 48, records of Maricopa County, Arizona

c) The real property and improvements located at **9933 E. Happy Valley Road, Scottsdale, Arizona** and legally described as:

24

Situated in Maricopa County, Arizona, and being Lot 2, TRES CASAS, According to Book 346 of Maps, page 47, records of Maricopa County, Arizona

d) The real property and improvements located at **9046 Lindsey, Downey, California** and legally described as:

Lot 1 of Tract No. 23734 in the City of Downey, in the County of Los Angeles, State of California, as shown on Map filed in Box 628, Page 25 and 26 of Maps, in the Office of the County Recorder of said County.

### 21 U.S.C. §§§ 841, 846, and 848

Furthermore, pursuant to 21 U.S.C. § 853, and as a result of a conviction of a violation of 21 U.S.C. §§§ 841, 846 or 848 as alleged herein, the United States hereby gives notice to the Defendants,

| | |
|---|---|
| Daniel M. Bowles | Counts 3, 6, 7, 8, 10, 11. 12, 14, 17, 18, 19, 21, 22 |
| Ratchanee McAuley | Counts 3, 6, 7, 8, 10, 11, 12, 14 |
| Don Marcus Jessop | Counts 3, 8, 10, 11, 14, 15, 17, 18, 19, 21 |
| Frank Gonzalez | Counts 3, 10, 12 |
| Ernesto Salazar a/k/a Mike a/k/a Jose Escobar | Counts 3, 8, 18, 19 |
| Thirawat Athikulrat | Counts 3, 6, 7, 8, 10, 11, 14 |
| Chuanphit Srithongrung | Count 3 |

that they shall forfeit to the United States (1) property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and (2) property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. The property subject to forfeiture under this notice, including any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, includes but is not limited to:

a) United States currency in the sum of a **$15,409,909** money judgment of forfeiture.

b) The real property and improvements located at **2307 East Electra Lane, Phoenix, Arizona** and legally described as:

Situated in Maricopa County, Arizona, and being Lot 184, of MOUNTAINGATE NORTH II, according to Book 452 of Maps, Page 48, records of Maricopa County, Arizona

c)  The real property and improvements located at **9933 E. Happy Valley Road, Scottsdale, Arizona** and legally described as:

Situated in Maricopa County, Arizona, and being Lot 2, TRES CASAS, According to Book 346 of Maps, page 47, records of Maricopa County, Arizona

d)  The real property and improvements located at **9046 Lindsey, Downey, California** and legally described as:

Lot 1 of Tract No. 23734 in the City of Downey, in the County of Los Angeles, State of California, as shown on Map filed in Box 628, Page 25 and 26 of Maps, in the Office of the County Recorder of said County.

## **SUBSTITUTE ASSETS**

If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE
FOREMAN OF THE GRAND JURY

RYAN K. PATRICK
UNITED STATES ATTORNEY

Graciela R. Lindberg
Assistant United States Attorney

26